## John G. Coster's Executors v. John H. Coster and others.

A TESTATOR by his will, gave eleven one hundred and sixth parts of his real
and personal estate to a trustee, in trust to keep it as it was, or to sell and
convey it as he might deem most expedient, and to invest the proceeds in real
property or personal securities in his discretion, to collect the rents and income
during the life of the testator's son J. and to apply the same to the use of J. du-
ring his life, for the support of himself and his family during that time, in sums,
time and manner in the trustee's discretion; and after J.'s death the trust was
to cease, and the trust fund with all its increase and accumulations, was to be
divided and distributed between the children of J. then living, and the issue of his
deceased children, *per stirpes.* If J. left no children, the same was to go to the
other children of the testator.

By a codicil, the testator devised and bequeathed all the property, estate or interests, he had by the will devised or bequeathed in trust for the wife and children of J. and their children, heirs, &c. to his son J. and his heirs and assigns, as and for his own proper estate, thereby for that purpose revoking the trust.

*Held*, on the construction of the will and codicil, that the trust in the will was for the benefit of the wife and children of J., in respect of the sale of the real estate, for the accumulation of the rents and income, and for the application of the same for the support of J.'s family ; and that by the codicil, the whole trust was revoked, and an absolute legal estate given to J. in the eleven one hundred and sixth parts of the testator's property.

October 2 ; October 30, 1845.

John G. Coster, of the city of New York, died on the eighth day of August 1844, seised and possessed of a very large real and personal estate. He left a last will and testament, dated April 9th, 1842, to which was added a codicil dated December 30th, 1842. The complainants, Gerard H. Coster, George W. Coster and Henry A. Coster, were the executors of John G. Coster.

On the 9th of December, 1844, they filed the bill in this cause, against John H. Coster and Sarah Adeline his wife, and their six children, (all of whom were infants,) together with the heirs at law of the testator, and the other parties by possibility interested in the subject matter, to obtain a construction of the meaning and operation of the will and codicil in respect of eleven equal one hundred and sixth parts of the testator's estate, given in trust for the benefit of his son, John H. Coster, and the family of the latter.

The clause of the will upon which the questions in the cause arose, was in the following words, viz :

"Twelfthly—Of the said rest and residue of my estate, real and personal as hereinbefore described and subject as aforesaid, I give, devise and bequeath eleven one hundred and six parts thereof to Henry Arnold Coster, to have and to hold the same, in trust nevertheless for him to keep the same in its present condition, or to sell and convey the same as he may deem most expedient, and to invest the proceeds thereof in productive real property, or in bonds and mortgages, or stocks, or such other securities as the said Henry Arnold Coster in the exercise of a sound discretion may deem safest and most expedient, and to collect and receive the rents, interest, income and profits of

the proportion of my estate by this clause of my will devised, and of the proceeds thereof, during the life of my son, John H. Coster ; and to apply the said rents, issues, income and profits, to the use of my son, John H. Coster, during his natural life, for the support of himself and his family during that time, in such way, manner or form, and in such sums, and at such times, as the said Henry Arnold Coster, in the exercise of a just and reasonable discretion may think proper, and at and after the death of my said son John H. Coster, the said last mentioned trust shall end and determine, and the said eleven one hundred and sixth parts of my estate, together with all the increase and accumulations thereof remaining in the hands of the said Henry Arnold Coster, shall be divided and distributed between and amongst, and conveyed to the children of the said John H. Coster living at the time of his death, and the child or children of every child of his that shall have died before him, in equal proportions, share and share alike, per stirpes, and not per capita."

By the fifteenth section of the will it was provided, that if John H. Coster should die without leaving any children surviving him, then that the share devised as above for his benefit, should be divided among other children of the testator.

The codicil to the will was in these words ; "all the property estate or interests whether real or personal, which I have by my said will devised, or bequeathed in trust for the wife, and children of my son John H. Coster, and their children, heirs, or either of them, I hereby devise, and bequeath to my said John, to have and to hold to him, his heirs, and assigns, as and for his own proper estate, hereby for that purpose revoking said trust."

John H. Coster and wife put in an answer, insisting among other things, that the codicil operated as a revocation of the trust in the will above set forth, and that he was entitled to receive his proportion of the income of the estate, freed from the trust.    And they alleged that the sole object of the testator in making the codicil, was to revoke the trust in question.

The infant defendants answered by their guardians *ad litem*, and the cause was heard as to them on the proofs taken.   The other defendants suffered the bill to be taken as confessed.

*C. E. Butler, W. M. Evarts* and *J. Prescott Hall*, for the complainants and the parties in interest adverse to John H. Coster.

*Dudley Selden*, for the defendant John H. Coster.

THE ASSISTANT VICE-CHANCELLOR. By the twelfth article of the will, the absolute property in 11–106 parts of the personal estate was bequeathed to Henry A. Coster, in trust. As to the 11–106 parts of the real estate of the testator, he took an estate in trust, equal at least in duration, to the life of John H. Coster. Indeed, as the trustee was to receive the rents and profits, and was authorized to sell the lands in fee, I do not see any reason why the twelfth article of the will, did not vest in him the whole estate in that portion of the realty. If he converted it into personalty, then upon the death of John H. Coster, it became divisible, according to the terms of the article; and if it remained unconverted, then on the same event, the trust terminated, and the lands were divisible by the same terms and among the same classes. The children of John H. Coster were to have a remainder *in the land*, only in the event of its remaining unsold; so that although their right to the 11–106ths was absolute after the death of John H. Coster, it was entirely contingent whether they would ever have any interest in possession in the real estate of the testator.

The better opinion in my judgment is, that the unlimited discretion to sell and convey all the lands, and the right to receive the interim rents contained in the twelfth article, carried the whole legal estate to the trustee. And at all events, such was its effect as to the existing personalty; and the land when converted, would be held in the same manner. And in the unsold lands, there was given at least, an estate for life, in trust.

In the next place, this trust was in several respects, a trust for the wife and children of John H. Coster, as well as for his benefit.

1. As a trust to sell the real estate, it was directly and specifically for the children and their issue, after the death of John H. Coster.

2. For the accumulations of the rents and income during the life of John H. Coster, there was an express trust for the benefit of his children.

3. The trust to apply the income to the use of John H. Coster, for life, *for the support of himself and his family*, was for the benefit of his wife and children, as well as for his own use and benefit. ( *Woods* v. *Woods*, 1 M. & C. 401 ; *Jubber* v. *Jubber*, 9 Simons, 503.)

By the will therefore, the estate was principally, if not wholly, in the trustee ; John H. Coster had a life interest in its income ; his wife and children were entitled to share in the income, to such extent as the trustee might justly deem reasonable for their support; and after his death, his children and their issue were to receive the capital of the property, both real and personal, and the intermediate accumulations.

I now come to the codicil. No one can read it in connection with the twelfth article of the will, without perceiving that the testator designed to give to John H. Coster, the entire interest in the 11–106 of his estate. On the construction given to that article, by the counsel for the executors, John H. Coster had a *life interest* under the will, in all the property in question. By the codicil the testator professes to give to him an *absolute interest*, as distinguished from a life estate ; the devise is to John, and his heirs and assigns. " For that purpose," as the codicil expresses it, the testator revokes the trust previously given for John's wife and children. For what purpose, unless it was to give the whole estate to the husband and father ?

Such being the plain intention, has the testator failed to effect it, for want of sufficient language to describe the object of his gift ?

His words are, " *all the property, estate or* interests, whether real or personal," which by the will he has devised or bequeathed in trust for the wife and children of his son John, and their children, or heirs, or either of them ; he by the codicil, devises and bequeaths to John, absolutely in fee, and for his own proper estate ; for that purpose revoking the trust.

I have shown that the whole 11–106 parts, were devised

and bequeathed in trust.   So far the description of the object is perfect.

Next, there was no part of those 11–106ths, but what was, or might be, in trust for the wife and children of John H. Coster, or some one of them.   The application of the income was to be made for their benefit.   The sale of the real estate, the investment of its proceeds, the re-investment of the personalty, the conversion of personal into real estate, and the accumulations from both sources ;  were all legitimate objects of the trust, which directly affected the children, and all those who were ultimately to possess and own the property.

It does not detract from the force of the description, that John H. Coster also had an interest, and a large interest, in the trust created by the twelfth article.   It was none the less a trust for his wife and children, because he participated with them in its benefits.   And the 11–106 were given in trust for them, as well as for him.

The codicil gives to John H. Coster absolutely, *all the property and estate,* which he had before given in trust for his wife and children, or either of them.   He had by his will, given 11–106ths of his entire estate, in trust for him and them.   There was no other trust in his will for their benefit, in any form.   It follows that the same 11–106ths, is "*all the property,*" which he describes in the codicil.   There is no other property which answers the description.

But it is urged that the codicil only professes to give the same *interests,* which by the will were bestowed upon the wife and children.

It is true, the word "interests" is used, but it is used disjunctively.   The codicil cannot be restricted to the mere *interests* bestowed on the wife and children, when by its express words, it devises and bequeaths *all the property and estate,* out of which those interests are carved and limited.

The revocation of the *whole trust,* corroborates this construction of the previous description of the objects devised by the codicil.   If those objects were merely the interests which had been given to the wife and children, under a trust for their benefit in common with that of John H. Coster ; the revocation would

have been restricted to those interests, leaving the trust to stand. But if the purpose were, as the codicil declares, to give to John the absolute estate in the whole property which had been devised and bequeathed in trust; then it was proper and necessary to revoke the entire trust.

My conclusion is clear and unhesitating, that by the will and codicil, John H. Coster takes the absolute legal estate in the 11–106ths of the testator's property, which are described in the twelfth article of the will.

There must be a decree accordingly, with costs to the parties, to be paid out of the estate of the testator.